[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12262
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00254-MP-GRJ


ASHLEY PRUNTY,

Petitioner - Appellant,

versus

ACTING COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 29, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ashley Prunty appeals the district court's order affirming the Social Security Commissioner's denial of her application for supplemental security income (SSI) benefits.  Ms. Prunty argues that the administrative law judge erred in finding that she failed to demonstrate a mental impairment sufficient to meet the requirements of Listing 12.05(C) for intellectual disability.  Additionally, Ms. Prunty argues that the ALJ erred in failing to fully and fairly develop the record through consultation with another medical expert to determine her IQ.  After a review of the record and the parties' briefs, we affirm.

## I

Ms. Prunty received SSI benefits based on childhood disability resulting from a communication disorder.    Once she turned 18, her eligibility was re-determined under the rules for determining disability.  In June of 2011, Ms. Prunty was no longer found to be disabled, and this determination was upheld at the reconsideration stage.

An ALJ found that she suffered from the following severe impairments: neurofibromatosis; borderline intellection functioning; asthma; mild rotoscolliosis; and straightening of lumbar lordosis.  Despite those findings, the ALJ found that Ms. Prunty did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and found that she was not disabled.

2

Although the ALJ noted that Ms. Prunty's IQ was twice rated above 70, he found the record did not support a finding of deficits in adaptive functioning required under Listing 12.05. The ALJ found jobs in the national economy that a person of Ms. Prunty's capacities could perform. Accordingly, the ALJ found that Ms. Prunty's disability ended in June of 2011, and that she had not become disabled again after that date.

The Appeals Council denied Ms. Prunty's request for review of the ALJ's determination. Ms. Prunty then filed suit in district court, seeking review of the ALJ's determination. The district court upheld the ALJ's determination that Ms. Prunty was not disabled. She now appeals.

## II

Generally, when the ALJ denies benefits and the Appeals Council denies review, we review the ALJ decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In such a case, this Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards, and reviews *de novo* the district court's decision on whether substantial evidence supports the Commissioner's decision. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

An individual claiming SSI benefits bears the burden of proving that she is disabled, and is responsible for producing evidence to support her claim. *See*

*Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Ms. Prunty has claimed that she suffers from an intellectual disability under Listing 12.05, which requires "deficits in adaptive functioning initially manifested . . . before age 22," an IQ between 60 and 70, "and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *See* 20 C.F.R. § 404, Subpt. P, App. 1. The Social Security Administration's Program Operations Manual System ("POMS") defines "adaptive functioning" as an "individual's progress in acquiring mental, academic, social and personal skills as compared with other unimpaired individuals of his/her own age." POMS DI 24515.056(D)(2).

As an initial matter, we do not address Ms. Prunty's arguments regarding the need for standardized tests to determine her adaptive functioning because she failed to raise these issues before the district court. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). That matter aside, substantial evidence supported the ALJ's finding that Ms. Prunty lacked sufficient deficits in adaptive functioning, as shown by her abilities to cook simple meals, do household chores, drive a car by herself, take care of a dog, babysit children, and work part-time at McDonald's. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (defining substantial evidence as more than a scintilla, but less than a preponderance. It is

4

such relevant evidence as a reasonable person would accept as adequate to support a conclusion.)

Ms. Prunty also argues that the ALJ erred in failing to consult another medical expert to determine her IQ.  The ALJ, however, was correct in finding that there was sufficient evidence to determine whether Ms. Prunty was disabled, and that an additional evaluation by a medical expert was neither necessary nor required.  The ALJ considered the record, which included opinions and records from Ms. Prunty's treating physicians; the testimony of Ms. Prunty and her mother; two consultative psychological evaluations; and the opinions of two state agency psychologists.  Although an ALJ is responsible for developing a full and fair record, the burden is still on the claimant to prove she is disabled.  *See Barnhart*, 355 F.3d at 1276.  Here, the record contained the multiple IQ tests that Ms. Prunty had taken.  Even if another medical expert had been called upon to evaluate her potential disability, Ms. Prunty would not have qualified for SSI benefits based on her failure to show deficits in her adaptive functioning.

## III

Because substantial evidence supported the ALJ's finding that Ms. Prunty was not disabled, the district court did not err in upholding the ALJ's decision. Accordingly, we affirm.

**AFFIRMED.**